KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
Michael J. Kump (SBN 100983)
  mkump@kwikalaw.com
Jonathan P. Steinsapir (SBN 226281)
  jsteinsapir@kwikalaw.com
Katherine T. Kleindienst (SBN 274423)
  kkleindienst@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants Kretek
International, Inc. and Mark Cassar

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SPARK INDUSTRIES, LLC, a California limited liability corporation, <br><br> Plaintiff, <br><br> vs. <br><br> KRETEK INTERNATIONAL, INC., a California corporation; MARK CASSAR, an individual, DOES 1 through 10, inclusive; and XYZ Corporations and LLCs 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441** <br><br> **(FEDERAL QUESTION)** |

10932.00003/222916

NOTICE OF REMOVAL

**TO ALL PARTIES AND THE CLERK OF THE ABOVE COURT:**

**PLEASE TAKE NOTICE** that Kretek International, Inc. ("Kretek") and Mark Cassar (collectively, "Defendants") hereby give notice of removal of the above-captioned action from the Superior Court of the State of California for the County of Ventura, Case No. 56-2014-00454490-CU-BC-VTA, to the United States District Court for the Central District of California, Western Division, and state as follows:

## BACKGROUND FACTS

1. On June 20, 2014, the above-captioned action was commenced in the Superior Court of the State of California for the County of Ventura, by the filing of a Summons and Complaint. A true and correct copy of the Summons and Complaint, along with the Superior Court Civil Cover Sheet and the Notice of Case Assignment, are attached hereto as **Exhibit A**.

2. The original Complaint contained no federal claims, and the Complaint was not otherwise removable (there is no diversity jurisdiction, and both Defendants are California citizens precluding removal on diversity grounds in any event, *see* 28 U.S.C. § 1441(b)(2)).

3. On or about June 24, 2014, Plaintiff purported to serve Defendant Mark Cassar (*see* **Exhibit B**, a copy of the proof of service filed in the Superior Court for Mr. Cassar). On or about June 25, 2014, Plaintiff purported to serve Defendant Kretek (*see* **Exhibit C**, a copy of the proof of service filed in Superior Court for Kretek).

4. On July 18, 2014, Plaintiff filed a First Amended Complaint, which alleged additional claims, including a claim for Trade Dress Infringement pursuant to 15 U.S.C. § 1125(a). A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit D**. The same day, Plaintiff served Defendants' counsel with a copy of the First Amended Complaint.

5. The First Amended Complaint was the first "receipt by the defendant[s], through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## JURISDICTIONAL BASIS OF REMOVAL

6. This action is removable under 28 U.S.C. § 1441.

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is a civil action "arising under the Constitution, laws, or treaties of the United States."

8. Specifically, Plaintiff purports to bring a claim for Trade Dress Infringement under Section 43(a) of the Lanham Act (codified at 15 U.S.C. § 1125(a)).

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1441(c). Those claims form part of the same case or controversy as Plaintiff's federal claim. *See* 28 U.S.C. § 1367.

## TIMELINESS OF REMOVAL AND CONSENT OF ALL DEFENDANTS

10. This Notice of Removal is timely because it is being filed within 30 days of receipt by Defendants, through service or otherwise, of a copy of the First Amended Complaint, which was the first pleading, notice, order, or other paper from which it could be ascertained that the case is removable. *See* 28 U.S.C. § 1446(b). Specifically, Plaintiff served the First Amended Complaint by mail on Defendants' counsel on July 18, 2014. Less than a week has passed since service and filing of the First Amended Complaint, i.e., thirty days have not yet passed.

11. All named Defendants consent to and join in this Removal.

12. The "DOE" and "XYZ" defendants need not consent to or join in the notice of removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

**COMPLIANCE WITH OTHER REQUIREMENTS FOR REMOVAL**

13. Defendants have attached all process, pleadings, and orders served upon them to this Notice of Removal as Exhibits A through D to this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Ventura.

15. Defendants respectfully reserve all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California for the County of Ventura to the United States District Court, Central District of California, Western Division.

DATED: July 23, 2014          Respectfully Submited:

                              KINSELLA WEITZMAN ISER KUMP &
                              ALDISERT LLP



                              By:      /s/
                                   Michael J. Kump
                                   Attorneys for Defendants Kretek
                                   International, Inc. and Mark Cassar