LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
AMNON Z. SIEGEL (State Bar No. 234981)
asiegel@millerbarondess.com
JUSTIN BROWNSTONE (State Bar No. 265950)
jbrownstone@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:  (310) 552-8400

Attorneys for Plaintiff and Counterdefendant
SPARK INDUSTRIES, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SPARK INDUSTRIES, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>KRETEK INTERNATIONAL, INC., a California corporation; MARK CASSAR, an individual, DOES 1 through 10, inclusive; and XYZ Corporations and LLCs 1 through 10, inclusive,<br><br>Defendants.<br><br>KRETEK INTERNATIONAL, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>SPARK INDUSTRIES, LLC, a California limited liability company, ROES 1-10, inclusive,<br><br>Counterdefendants. | CASE NO. 2:14-cv-05726-GW (ASx)<br><br>*Assigned to the Hon. George H. Wu and Magistrate Judge Alka Sagar*<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS IN KRETEK INTERNATIONAL, INC.'S COUNTERCLAIM**<br><br>Date:  October 16, 2014<br>Time:  8:30 a.m.<br>Ctrm:  10<br><br>State Action Filed:  June 20, 2014<br>Notice of Removal:  July 23, 2014 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 16, 2014, in Courtroom 10 of United States District Judge George H. Wu of the above-captioned Court, located at 312 N. Spring St., Los Angeles, California, 90012, Plaintiff and Counterdefendant Spark Industries, LLC ("Spark") will, and hereby does, move the Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, for an order striking all allegations in Defendant and Counterclaimant Kretek International, Inc.'s Counterclaim ("Counterclaim") that allege co-ownership of Spark's "Cig2o" trademark. *See* Counterclaim ¶¶ 15, 37, 41, 43, 46, Prayer for Relief ¶ 5(b).

Spark created and owns a valuable e-cigarette brand, Cig2o. Defendant and Counterclaimant Kretek International, Inc. ("Kretek") is Spark's former distributor of Cig2o. Spark brought this suit in order to end the parties' distribution relationship. Kretek has countersued alleging, *inter alia*, that the parties entered into a partnership and that it co-owns the Cig2o brand, including the Cig2o registered trademark.

Kretek's allegation that it co-owns the Cig2o registered trademark fails as a matter of law. The Lanham Act, 15 U.S.C. § 1051 *et seq.*, requires that the owner of a registered trademark sign a writing to transfer ownership of a trademark. As Kretek concedes in the Counterclaim, no such writing was ever executed. Consequently, the Court should strike all of Kretek's allegations relating to its claim that it co-owns the Cig2o trademark.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 20, 2014. This Motion is based upon the papers on file in this action, the attached Memorandum of Points and Authorities, the Declaration of

///
///
///
///
///

Amnon Z. Siegel, matters which the Court may take judicial notice of, and upon such other oral and documentary evidence and argument as may be allowed at the hearing.

DATED: September 8, 2014   MILLER BARONDESS, LLP

By: /s/ Amnon Z. Siegel
  AMNON Z. SIEGEL
  Attorneys for Plaintiff and
  Counterdefendant
  SPARK INDUSTRIES, LLC

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
|   | A. Spark Files Suit | 1 |
|   | B. The Cig2o Trademark | 2 |
|   | C. Defendants' Answer and Kretek's Counterclaim | 2 |
| III. | ARGUMENT | 2 |
|   | A. The Court Should Strike Kretek's Claim to Co-Ownership of the Trademark | 2 |
|   | B. Case Law Interpreting the Copyright Act Confirms That the Court Should Strike Kretek's Allegations | 3 |
| IV. | CONCLUSION | 4 |

# TABLE OF AUTHORITIES

Page

## CASES
*Konigsberg Int'l v. Rice*
    16 F.3d 355 (9th Cir. 1994).................................................................................3

*McMunigal v. Bloch*
    No. C 10-02765, 2010 WL 5399219 (N.D. Cal. Dec. 23, 2010) .....................4

*Pamfiloff v. Giant Records, Inc.*
    794 F. Supp. 933 (N.D. Cal. 1992).................................................................4

*Shabaz v. Polo Ralph Lauren Corp.*
    586 F. Supp. 2d 1205 (C.D. Cal. 2008)..........................................................2

## STATUTES

15 U.S.C. § 1060.............................................................................................1, 3

17 U.S.C. § 204................................................................................................3, 4

Cal. Bus. & Prof. Code § 17200 ......................................................................1, 2

## OTHER AUTHORITIES

3A Fed. Jury Prac. & Instr. § 159:47 (6th ed.) ....................................................3

## RULES

Federal Rule of Civil Procedure 12(f)..................................................................2

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

190471.3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff and Counterdefendant Spark Industries, LLC's ("Spark") developed, manufactures and owns a valuable electronic cigarette brand, known as Cig2o. Spark is—and has always been—the sole owner of the registered trademark for Cig2o (the "Trademark"). Defendant and Counterclaimant Kretek International, Inc. ("Kretek") was Spark's former distributor for Cig2o. After Kretek repeatedly underpaid Spark amounts due for sales of Cig2o and continued selling its own, proprietary e-cigarette in violation of the parties' agreement, Spark filed this suit.

Kretek filed a counterclaim (the "Counterclaim") claiming, *inter alia*, a fifty-percent ownership in the Cig2o brand, including the Trademark. Kretek's claim to co-ownership of the Trademark fails as a matter of law. The law specifically requires that a registered trademark owner enter into a signed writing to transfer ownership. 15 U.S.C. § 1060. In the Counterclaim, Kretek admits that despite years of negotiations, the parties never entered into a written agreement. Consequently, the Court should strike all of Kretek's allegations relating to its claim that it co-owns the Trademark.

## II. STATEMENT OF FACTS

### A. Spark Files Suit

Spark filed a complaint against Kretek and its CEO, Mark Cassar, in California state court on June 20, 2014. The complaint alleged fives cause of action for (1) breach of contract, (2) fraud, (3) negligent misrepresentation, (4) demand for accounting, and (5) declaratory relief.

On July 18, 2014, after discovering Kretek's impending sale of newly, re-designed EZ Cig, Spark filed the First Amended Complaint ("FAC"), adding causes of action for trade dress infringement under the Lanham Act and unfair competition under Cal. Bus. & Prof. Code section 17200. On July 23, 2014, Kretek removed the action from state court to this Court.

///

### B. The Cig2o Trademark

Spark filed the Cig2o Trademark on October 19, 2010. A true and correct copy of Spark's Cig2o trademark registration is attached as Exhibit A to the Declaration of Amnon Z. Siegel, filed concurrently herewith. The Trademark was registered on June 7, 2011. *Id.* The sole owner of the Trademark is Spark. *Id.*

### C. Defendants' Answer and Kretek's Counterclaim

Defendants filed their answer and Kretek's Counterclaim on July 23, 2014. (Dkt. No. 4.) Kretek asserted seven counterclaims. Counterclaim ¶¶ 36-69. Kretek's claims all arise out of its allegation that the parties formed a partnership and that Kretek owns half of the Cig2o brand. Counterclaim ¶¶ 1-2. Kretek alleges that the parties entered into a written agreement in October 2010, whereby Kretek acquired a fifty percent share in the Cig2o brand, including the Trademark. *Id.* ¶ 15. In fact, throughout the Counterclaim, Kretek asserts that it owns fifty-percent of the Trademark. *Id.* ¶¶ 15, 37, 41, 43, 46. In its Prayer for Relief, Kretek seeks, *inter alia*, "a judicial declaration that . . . Kretek has a 50 percent interest in the Cig2o brand . . . including all trademarks . . . ." *Id.*, Prayer for Relief ¶ 5(b).[1]

## III. ARGUMENT

### A. The Court Should Strike Kretek's Claim to Co-Ownership of the Trademark

Under Federal Rule of Civil Procedure 12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matters from the pleadings. This includes the authority to strike parts of the pleading when the relief sought is "not recoverable as a matter of law." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (citations omitted).

---

[1] As discussed more fully in Spark's Motion for Preliminary Injunction and Reply brief (Dkt. Nos. 26, 43) and the corresponding evidence in support thereof, Kretek's claim to co-ownership is wrong.

Here, Kretek's claim to co-ownership of the Cig2o registered trademark is not recoverable as a matter of law. A signed writing is required for a transfer of a registered trademark to be valid under the Lanham Act: "Assignments shall be by instruments in writing duly executed." 15 U.S.C. § 1060; 3A Fed. Jury Prac. & Instr. § 159:47 (6th ed.) ("To be enforceable, the assignment must be in writing and signed by the owner of the trademark.").

Kretek alleges that an October 2010 email it sent to Spark is the "agreement" whereby Kretek acquired co-ownership of the Cig2o brand, including the trademark. Counterclaim ¶ 15. But Kretek expressly alleges that the agreement was accepted by conduct – Kretek admits that no signed writing was ever executed. *Id.* The alleged October 2010 Agreement is also attached as Exhibit B to the Complaint. The document has no signatures from either party – let alone a space for signatures. Counterclaim ¶ 15, Ex. B.[2] And Kretek admits more than a year later, "the parties still had not executed a formal written agreement." Counterclaim ¶ 21. Consequently, Kretek's claim to co-ownership of the Cig2o registered trademark violates the plain language of section 1060. Accordingly, the Court should strike all such allegations in the Counterclaim. Counterclaim ¶¶ 15, 37, 41, 43, 46, Prayer for Relief ¶ 5(b).

B. **Case Law Interpreting the Copyright Act Confirms That the Court Should Strike Kretek's Allegations**

Although there is virtually no case law interpreting the signed writing requirement in trademark law, there is significant case law interpreting a similar requirement in copyright law that a transfer of ownership is only valid with a signed writing. 17 U.S.C. § 204 ("Section 204"); *Konigsberg Int'l v. Rice*, 16 F.3d 355, 357 (9th Cir. 1994) ("[A] transfer of copyright is simply 'not valid' without a writing.").

---

[2] Kretek misleadingly omits the cover email it sent to Spark along with the document it attached as Exhibit B to the Counterclaim. Kretek's cover email asked Spark to "[m]ake comments please," which indicates that this document was merely a conversation starter, not a formal proposal.

Courts in the Ninth Circuit have held that Section 204(a)'s signed writing requirement is not subject to equitable defenses. *See McMunigal v. Bloch*, No. C 10-02765, 2010 WL 5399219 (N.D. Cal. Dec. 23, 2010) ("Equitable defenses, such as promissory estoppel and estoppel by acquiescence, may not be used to avoid the signed writing requirement); *Pamfiloff v. Giant Records, Inc.*, 794 F. Supp. 933 (N.D. Cal. 1992) (rejecting the argument that equitable estoppel should apply to circumvent the requirements of Section 204 where defendant "encouraged plaintiffs to consider themselves owners of the musical compositions").

Accordingly, even accepting Kretek's allegations as true, it cannot circumvent the signed writing requirement by claiming that Spark led it to believe that it was a co-owner of the brand. Because there is no signed writing, the Court should strike all of Kretek's allegations to co-ownership of the Trademark.

## IV. CONCLUSION

Based on the foregoing, Spark respectfully requests that the Court grant the Motion to Strike.

DATED: September 8, 2014            MILLER BARONDESS, LLP


                                    By: /s/ Amnon Z. Siegel
                                        AMNON Z. SIEGEL
                                        Attorneys for Plaintiff and
                                        Counterdefendant
                                        SPARK INDUSTRIES, LLC

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA,** ) ss.
**COUNTY OF LOS ANGELES** )

    I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. I am employed by MILLER BARONDESS, LLP and my business address is 1999 Avenue of the Stars, Suite 1000, Los Angeles, California 90067.

    On **September 8, 2014**, I e-filed **NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS IN KRETEK INTERNATIONAL, INC.'S COUNTERCLAIM** with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to those recipients.

    Executed on **September 8, 2014**, at Los Angeles, California.

AMNON Z. SIEGEL       /s/ Amnon Z. Siegel
Type or Print Name      Signature