KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
Michael J. Kump (SBN 100983)
 mkump@kwikalaw.com
Jonathan P. Steinsapir (SBN 226281)
 jsteinsapir@kwikalaw.com
Katherine T. Kleindienst (SBN 274423)
 kkleindienst@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendant and Counterclaimant Kretek International, Inc. and Defendant Mark Cassar

MILLER BARONDESS, LLP
Louis R. Miller (State Bar No. 54141)
  smiller@millerbarondess.com
Amnon Z. Siegel (State Bar No. 234981)
  asiegel@millerbarondess.com
Justin Brownstone (State Bar No. 265950)
  jbrownstone@millerbarondess.com
1999 Avenue of the Stars, Suite 1000
Los Angeles, California  90067
Telephone:   (310) 552-4400
Facsimile:    (310) 552-8400

Attorneys for Plaintiff and Counterdefendant
SPARK INDUSTRIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA,

# WESTERN DIVISION

| | |
|---|---|
| SPARK INDUSTRIES, LLC, a California limited liability company,<br><br>             Plaintiff,<br><br>     vs.<br><br>KRETEK INTERNATIONAL, INC., a California corporation; MARK CASSAR, an individual, DOES 1 through 10, inclusive; and XYZ Corporations and LLCs 1 through 10 inclusive,<br><br>             Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:14-cv-05726 GW-AS<br><br>**AMENDED STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS**<br><br>[Action Removed:     July 23, 2014] |

201786.1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Defendant and Counterclaimant Kretek International, Inc. ("Kretek") and Defendant Mark Cassar (collectively, "Defendants"), and Plaintiff and Counterdefendant Spark Industries, LLC ("Spark" or "Plaintiff"), by and through their respective counsel of record, hereby agree and stipulate to this Amended Stipulation and [Proposed] Protective Order Re: Confidentiality of Discovery Materials (the "Order") as follows:

**GOOD CAUSE STATEMENT:**

Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter this Order. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled to such treatment under applicable legal principles. This Order applies only to discovery exchanged between parties and non-parties, and nothing in this Order purports to grant any party the right to file documents with the Court under seal, *except* pursuant to a further order of the Court authorizing the sealing of specific documents or portions thereof. *See* Paragraphs 8-9 *infra*.

Both parties have propounded discovery that will require the responding party to disclose certain confidential, sensitive, and proprietary information relating to their businesses and finances, and the business and finances of third parties, including trade secrets. The parties anticipate that further discovery will be propounded requiring the disclosure of such information. The parties would be severely prejudiced were such information publicly disseminated.

The parties are in a highly competitive industry. As a result, both parties go to great lengths and expense to keep their business information confidential and will suffer serious harm if such information is publicly disseminated. Disclosure of financial information could also implicate third parties' rights to privacy.

**PROTECTIVE ORDER:**

1. The following procedure shall govern the production of all materials during discovery in this action by any Party (the word "Party" is used herein to refer to Plaintiff, Defendants, and any other party who later appears in this action and becomes bound by the terms of this Protective Order), including, but not limited to, answers to interrogatories and requests for admissions, all documents produced by Parties or third parties, responses to subpoenas duces tecum, deposition testimony, and information contained therein, and information provided during any settlement discussions (hereinafter collectively the "Discovery Materials") that are designated as "CONFIDENTIAL" pursuant to this Protective Order, including all copies, excerpts, summaries and information derived from them (collectively, "Confidential Materials").

2. Any Party or third party producing Discovery Materials may designate Discovery Materials as "CONFIDENTIAL." As a general guideline, information or materials designated as "CONFIDENTIAL" shall be those things that may be disclosed to the Parties for the purposes of this litigation, but which must be protected against disclosure to third parties.

3. Any Party or third party who produces documents or computer media or gives testimony in this action may designate information as "CONFIDENTIAL" or in the following manner:

    a. <u>Designation of Documents</u>: Any "document" (defined herein as including, but not limited to exhibits, documents and things, including prototypes and samples, answers to discovery such as interrogatories and responses to requests for admission, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing) produced or given by any Party during discovery, hearings or trial in this case which sets forth or contains any "CONFIDENTIAL" information (as defined above) may be

201786.1

2
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1 designated by a Party or other producing party with the notation that it is
2 "CONFIDENTIAL." The notation "CONFIDENTIAL" shall be placed on every
3 page of each document so designated.

    b. <u>Designation of Electronically Stored Information</u>: Any "CONFIDENTIAL" electronically stored information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL" prior to production. Electronic or native documents or information shall be similarly labeled where practicable, and where not practicable, written notification by a producing Party that it is producing Discovery Materials as Confidential Materials shall suffice for treatment as provided herein for such categories. In the event a receiving Party generates any "hard copy" or printout from any such disks, or from any such electronic or native documents or information, that Party must immediately stamp each page "CONFIDENTIAL" and the hard copy or printout shall be treated as provided herein for such categories.

    c. <u>Designation of Deposition Testimony</u>: Deposition testimony may be designated "CONFIDENTIAL" by oral designation on the record, or within thirty (30) days after the transcript of such deposition is made available to the designating Party. The person making the designation shall instruct the court reporter to stamp the words "CONFIDENTIAL" on each page of the transcript as appropriate.

   4. A Party may, at any time, serve written notice of its objections to the designation of any Discovery Materials as Confidential Materials. If the parties are unable to resolve their dispute informally, the Party challenging the designation shall bring a motion for an order that the Discovery Materials at issue not be so designated. During the pendency of the motion, the Discovery Materials at issue shall be treated in accordance with their designation. The failure of a receiving party expressly to challenge the designation of any document or information at the

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1 time of disclosure shall not constitute a waiver of the right to challenge the
2 designation at any subsequent time.  Any Party or Non-Party may challenge a
3 designation of confidentiality at any time that is consistent with the Court's
4 Scheduling Order.  The Challenging Party shall initiate the dispute resolution
5 process under Local Rule 37.1 et. seq.  The burden of persuasion in any such
6 challenge proceeding shall be on the Designating Party.  Frivolous challenges, and
7 those made for an improper purpose (e.g., to harass or impose unnecessary expenses
8 and burdens on other parties) may expose the Challenging Party to sanctions.

9       5.      "CONFIDENTIAL" materials may not be disclosed except as set forth
10 in paragraph 6 below.  Confidential Materials shall be used solely for the purposes
11 of this litigation and shall not be used for any business or other purpose.  The
12 restrictions on use of Confidential Materials set forth in this Order shall survive the
13 conclusion of the litigation, and, after conclusion of this litigation, the Court shall
14 retain jurisdiction for the purpose of enforcing this Order.

15       6.      "CONFIDENTIAL" materials may be disclosed only to the following:

16       a.      Any attorney acting as counsel of record in this action, or
17 retained or employed by any of the Parties, including in-house counsel of any Party;

18       b.      Paralegal, stenographic, clerical, secretarial personnel and
19 outside copying services regularly employed by counsel listed in (a) above;

20       c.      Court personnel, including stenographic reporters engaged in
21 such proceedings as are necessarily incident to preparation for trial and trial of this
22 action; and

23       d.      Any consultant or expert, not including a Party to this action,
24 retained in connection with this action, provided that each such person first
25 acknowledges in writing, under oath, that he or she has read this Order and agrees to
26 be bound by its terms.  This acknowledgment shall be made by execution of the
27 Undertaking attached to this Order as Exhibit A.  All such written acknowledgments
28

1 shall be maintained by counsel making the disclosure of the Confidential Materials, and shall be provided to the opposing Party's counsel at the conclusion of this action.

e. A Party, an officer, director, employee or former employee of a Party, or to any officer, director, employee or former employee of a parent, subsidiary or affiliate of a Party, disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action, provided that such individual agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Order by execution of the attached Exhibit A.

f. Nothing in this Order shall prohibit a Party, or non-Party, from reviewing the materials it designates as "CONFIDENTIAL," or from reviewing any materials it has authored or on which it is identified as a recipient.

7. Nothing contained in this Order shall preclude any Party at deposition from showing any Confidential Materials or disclosing information derived therefrom to any witness employed by or affiliated with the Party designating such materials as "CONFIDENTIAL." Confidential Materials may be shown or disclosed to other witnesses during deposition and/or trial preparation who are authorized to receive such information by the terms of paragraph 6 of this Order and to other witnesses who agree to maintain the confidentiality of the material in accordance with its terms and who execute the certificate attached as Exhibit A, provided that, if such disclosure is at a deposition, only those persons may be present who are authorized by the terms of this Order to receive the Confidential Materials to be disclosed to the witnesses.

8. Any pleadings, documents, materials or exhibits using, referring to or incorporating "CONFIDENTIAL" materials, submitted to the Court for consideration in relation to a motion or other filing shall be lodged with the Clerk of the Court under seal. Concurrent with the lodging of such documents, the lodging

1 party shall file an application to file the documents under seal, setting forth an
2 appropriate legal basis (*e.g.*, good cause, compelling reason, etc.) for sealing the
3 documents from the public record.  The party shall also lodge a narrowly-tailored
4 proposed order sealing the documents.  Concurrent with the lodging of such
5 documents, the lodging Party shall, to the extent practical, file a redacted version of
6 any pleadings that contain information the Party believes to be "CONFIDENTIAL."
7 The designating party may waive the status of "CONFIDENTIAL" information at
8 any time by electing to file such documents without sealing.  If a party's request to
9 file material subject to this Protective Order under seal is denied by the Court, then
10 the Receiving Party may file the information in the public record unless otherwise
11 instructed by the Court.

12     9.     Any pleadings, documents, materials or exhibits using, referring to or
13 incorporating "CONFIDENTIAL" materials, which are submitted to, lodged with or
14 filed with the Court, shall be submitted in a sealed envelope designated
15 "Confidential – Subject to Protective Order" on its face.  Where only a portion of
16 the submission or filing is within the definition of  "CONFIDENTIAL" only that
17 portion shall be protected in a sealed envelope; the remainder of the document or
18 memorandum shall not be submitted under seal.  All copies of such papers shall be
19 kept in confidence by the other Parties as provided in this Order.

20     10.    This Order, the fact of its adoption or entry, and any provision of this
21 Order or form attached to this Order, shall not be admissible for any purpose of this
22 litigation, except to the extent necessary to enforce the terms of this Order.

23     11.    Nothing in this Order shall prevent a damages expert retained by a
24 Party from communicating a sum/damages figure to a Party.

25     12.    Nothing in this Order (a) affects, in any way, the admissibility of any
26 documents, testimony, or other evidence at trial or use at deposition; (b) restricts the
27 use of information obtained from sources other than discovery, motion practice, or
28

201786.1

6
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

voluntary disclosure of information by any Party conducted under the terms of this Order; or (c) prevents disclosure beyond the terms of the Order if the Party designating the Confidential Materials consents to such disclosure, or if the Court orders such disclosure.

13. A Party's use for any purpose of its own documents and other things, which it produces or discloses in this action, shall not be considered a violation of the Order.

14. No Party shall be responsible to another Party for any use made of information produced and not identified by the producing party as Confidential Materials in accordance with the provisions of this Stipulated Protective Order.

15. <u>Inadvertent Production</u>:  The inadvertent production by any of the undersigned Parties' or non-Parties' Confidential Materials, without such designation, shall be without prejudice to any claim that such material is "CONFIDENTIAL" and such producing Party or non-Party shall not be held to have waived any rights by such inadvertent production.  In the event that any Document, Testimony or Information that is subject to a confidentiality designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject material, with the appropriate designation.  Upon receipt of such notice, the Party that received the inadvertently produced material shall promptly destroy the inadvertently produced material and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such material to counsel for the producing Party and shall retain only the "CONFIDENTIAL"  designated materials.  Should the receiving Party choose to destroy such inadvertently produced material, the receiving Party shall notify the

producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

16. Should any person bound hereby receive a subpoena, document request, civil investigation demand, or other process from a third party that may be construed to require the disclosure of Confidential Materials in any form, said person shall give notice immediately to the Party who designated the information that is sought. The Designating Party shall bear the burden and expense of seeking protection of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Party or non-Party in this Action who has received such a request to disobey a lawful directive from another court.

17. The procedures set forth herein shall not affect the rights of the Parties to object to discovery on the grounds other than those related to the confidentiality of the documents, nor shall it relieve a Party of the necessity of proper responses or objections to discovery requests, nor shall it preclude any Party from seeking further relief or protective orders from the Court as may be appropriate.

18. Within sixty (60) days after the termination of this litigation and the expiration of the time for appeal, all originals and copies of any documents containing Confidential Materials, and all extracts of such documents, shall be returned to the Party who produced such documents or destroyed, unless that Party otherwise agrees in writing. This provision does not apply to the Court and imposes no obligation on the Court to alter its chosen procedures for the return or destruction of filed documents.

19. This Order may only be modified by written agreement of the Parties, subject to the approval of the Court, or by the Court.

DATED: December 5, 2014  KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/ Katherine T. Kleindienst
Jonathan P. Steinsapir
Katherine T. Kleindienst
Attorneys for Defendant and Counterclaimant Kretek International, Inc. and Defendant Mark Cassar

DATED: December 5, 2014  MILLER BARONDESS, LLP

By: /s/ Justin Brownstone
Amnon Z. Siegel
Justin Brownstone
Attorneys for Plaintiff and Counterdefendant Spark Industries, LLC

## **ORDER**

**FOR GOOD CAUSE SHOWN**, **IT IS SO ORDERED.**

Dated:  December 10 , 2014    _____/ s / _____
**HONORABLE ALKA SAGAR**
United States Magistrate Judge

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SPARK INDUSTRIES, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>KRETEK INTERNATIONAL, INC., a California corporation; MARK CASSAR, an individual, DOES 1 through 10, inclusive; and XYZ Corporations and LLCs 1 through 10 inclusive,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:14-cv-05726 GW-AS<br><br>**UNDERTAKING RE: STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS**<br><br>[Action Removed:   July 23, 2014] |

I, the undersigned, declare as follows:

1. I have read the STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY OF DISCOVERY MATERIALS ("Order") entered by Order of The Honorable Alka Sagar of the United States District Court for the Central District of California in this lawsuit, and know the contents thereof.

2. I understand the terms of the Order, and I agree to be bound by such terms.

3. I specifically understand and agree that I shall not use or disclose, in public or in private, any Confidential Materials or information contained therein, or information derived therefrom, without the prior written consent of the designating Party, or as otherwise set forth in the Order, or permitted or required by an order of the Court.

201786.1

EXHIBIT A

4. I agree that I will not keep any originals or copies of documents or other materials designated CONFIDENTIAL for any purpose, unless such documents or other materials were in my possession prior to the commencement of this litigation.

5. I agree that I will not retain any originals or duplicate copies of documents or other materials designated CONFIDENTIAL by the opposing side in this litigation.

6. I submit to the jurisdiction of the United States District Court, Central District of California, for the limited purpose of any proceeding to enforce the terms of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201_, at _____.

_____

201786.1

2

EXHIBIT A